A91A2001. KICKLIGHTER v. JONES.
(415 SE2d 302)

CARLEY, Presiding Judge.

Seeking to recover for injuries that she had suffered in an automobile collision, appellant-plaintiff brought suit against appellee-defendant. At the jury trial, appellee successfully moved for a directed verdict at the close of appellant's evidence. Appellant appeals from the judgment entered by the trial court on its grant of appellee's motion.

The relevant facts are as follows: The collision occurred as appellant was crossing through an intersection and the side of her automobile was struck by the on-coming automobile that was being operated by appellee. At the intersection, it was appellant who had a stop sign and appellee who had the right-of-way and there is no evidence that, as appellee and appellant approached the intersection, they were not proceeding at a reasonable speed. Accordingly, it is not material that, as appellee was approaching the intersection, she did not slow or stop after seeing that appellant was also *approaching* the intersection. "A driver having the right of way at an intersection has the right to assume that others will obey the rule of the road and will yield the right of way to him ([cits.]), and he has the right to proceed at a reasonable speed even though he sees another vehicle approaching. [Cit.]" *Meeks v. Johnson*, 112 Ga. App. 760, 764 (146 SE2d 121) (1965). What would be material is whether appellee had an opportunity to avoid the collision *after* she saw or should have seen that appellant was entering *into* the intersection so as to cross appellee's lane of traffic. "What a driver having the right of way cannot do is 'test a known and obvious peril, and after it is or should be clearly apprehended that a collision is threatened or imminent, he cannot blindly and recklessly proceed

without regard to conditions and consequences. [Cit.]' [Cit.] This is, of course, a corollary of the principle of law that every driver of a motor vehicle must exercise ordinary care in the control, speed and movements of his vehicle to avoid a collision after he sees or by ordinary diligence could have seen that one is threatened by the active negligence of another. [Cit.]" *Meeks v. Johnson*, supra at 764-765.

A review of the record demonstrates that appellant produced *no* evidence to authorize a finding that, in the exercise of ordinary care, appellee could have avoided the collision after she saw or should have seen that appellant had entered into the intersection and was crossing appellee's lane of traffic. Accordingly, the trial court correctly granted appellee's motion for a directed verdict. " ' "Negligence is not to be presumed, but is a matter for affirmative proof. In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence." [Cit.] "Where (as here) plaintiff simply fails to prove his case, the direction of a verdict is proper." [Cit.]' [Cits.]" *Neal v. Miller*, 194 Ga. App. 231, 232-233 (390 SE2d 125) (1990).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 31, 1992.

*John E. Pirkle*, for appellant.
*Howard, Carswell & Bennett, Kenneth R. Carswell*, for appellee.

