A05A1410. OSWELL v. NIXON et al.
(620 SE2d 419)

JOHNSON, Presiding Judge.

Coby Nixon, Elizabeth Borland, Dale Lischer, Deborah Heineman, and Stephen Forte are attorneys with the law firm of Smith, Gambrell & Russell (the "attorney defendants"). James Oswell filed a complaint against the attorney defendants. In his complaint, he does not claim to have ever been a client of Smith, Gambrell & Russell. His purported claims arise out of the attorney defendants' representation of an opposing party in litigation against Oswell in federal court. Specifically, Oswell claims that in connection with that federal lawsuit, the opposing party filed a motion for contempt against Oswell, which included a declaration by Nixon that allegedly touched on events that occurred two to four days before Nixon was sworn in as a member of the state bar. Oswell contends in this lawsuit that he was a victim of the unauthorized practice of law by Nixon in

a pending federal lawsuit. He further alleges that each of the other attorney defendants negligently hired, trained, retained and/or supervised Nixon and/or the other attorney defendants.

The attorney defendants filed a motion to dismiss for failure to state a claim. Subsequently, Oswell filed an amended complaint, and the attorney defendants filed an amended motion to dismiss which addressed the issues raised in the amended complaint.[1] The trial court held a hearing on the motions to dismiss and granted the attorney defendants' motions to dismiss. The trial court's order notes that the trial judge based his decision on the submissions of the parties, the arguments of counsel, and the entire record in the case. The order continues: "For the reasons stated by the Court at the hearing on March 23, 2004 and based upon the entire record and the matters presented at the hearing, the Court finds that this action was substantially frivolous. . . ." The order requires Oswell and his attorney to pay the attorney defendants' reasonable and necessary attorney fees in the amount of $1,200.

1. In his sole enumeration of error, Oswell contends the trial court erred in dismissing his complaint and amended complaint. As an initial matter, we note that Oswell's brief fails to comply with our Court of Appeals rules, in that the statement of fact and argument sections do not contain a single citation to the record.[2] Although failure to comply with such rules authorizes this Court to treat Oswell's enumeration of error as abandoned,[3] we have elected in our discretion to address Oswell's argument that the trial court erred in dismissing his claims against the attorney defendants on the ground that he failed to state a claim upon which relief may be granted.

Oswell's two-paragraph argument in his appellate brief claims that the relief sought by Oswell in his initial and amended and recast complaint is recognized statutorily and/or in common law. However, Oswell has not provided any citations to the record to support his factual contentions or any citations of authority to support his legal assertions.

---

[1] We note that neither the amended complaint nor the amended motion to dismiss are included in the record on appeal. This Court ordered the State Court of Fulton County to transmit these documents for inclusion in the record, but the state court clerk informed this Court that the documents had not been filed or docketed in the state court. As of this date, this Court has received and reviewed a faxed copy of Oswell's amended complaint, which includes additional causes of action for fraud and deceit and liability in respondeat superior. However, according to the state court clerk, Oswell's attorney has never provided a filed, stamped copy that could be transmitted to this Court.

[2] See Court of Appeals Rule 25 (a) (1), (c) (3) (i).

[3] See *Blackwell v. Goodwin*, 236 Ga. App. 861, 862 (1) (513 SE2d 542) (1999).

It is axiomatic that a party alleging error carries the burden of showing it affirmatively from the record,[4] and when that burden is not met, the judgment is assumed to be correct and will be affirmed. Here, Oswell failed to meet his burden. Nowhere in his appellate brief does Oswell cite any cases supporting his causes of action. The trial court found no legal theory under which Oswell could be granted the relief prayed for, and we agree.

Any tort action alleged by Oswell must fail. An essential element of a tort claim is the existence of a duty owed by the defendant to the purported plaintiff.[5] Here, Oswell alleges no basis for any purported duty owed by the attorney defendants to Oswell. Moreover, another essential element of a tort claim under Georgia law is the existence of damage proximately caused by the alleged tortious act,[6] and Oswell has failed to allege any causal relationship between the alleged unauthorized practice of law and any damage.

We further find that Oswell's complaints cannot be construed as a claim for legal malpractice because "[t]he law is clear that to make out a case of legal malpractice, a lawyer-client relationship must exist between the plaintiff and the defendant attorney."[7] "This is essential in establishing the element of duty that is necessary to every lawsuit based upon a theory of negligence."[8] The record reveals that Oswell never sought legal advice from any of the attorney defendants and that none of the attorney defendants offered any legal advice to Oswell. Thus, the attorney defendants did not owe Oswell a fiduciary duty. As for Oswell's claim regarding the unauthorized practice of law, even if Nixon did engage in the unauthorized practice of law, which this Court does not need to decide at this time, the remedies for the unauthorized practice of law include criminal sanctions and allowing the state bar and certain bar organizations to pursue injunctive relief.[9] Georgia law does not recognize a private right of action for the alleged unauthorized practice of law.[10]

In addition, Oswell has no claim for fraud and deceit since he fails to allege that the defendant attorneys made any representation with the intent to induce Oswell to act or refrain from acting or that Oswell

---

[4] See *Bynum v. Horizon Staffing*, 266 Ga. App. 337, 339 (1) (596 SE2d 648) (2004).

[5] See *Conner v. Hart*, 252 Ga. App. 92, 94 (1) (a) (555 SE2d 783) (2001).

[6] Id.

[7] (Footnote omitted.) *Crane v. Albertelli*, 264 Ga. App. 910 (1) (592 SE2d 684) (2003). See also *Allen v. Lefkoff, Duncan, Grimes & Dermer, P.C.*, 265 Ga. 374, 380 (453 SE2d 719) (1995) (Benham, P. J., concurring).

[8] (Citations and punctuation omitted.) *Rhone v. Bolden*, 270 Ga. App. 712, 716 (4) (a) (608 SE2d 22) (2004); *Guillebeau v. Jenkins*, 182 Ga. App. 225, 229 (1) (355 SE2d 453) (1987).

[9] See OCGA §§ 15-19-56; 15-19-58.

[10] See *Dixon v. Ga. Indigent Legal Svcs.*, 388 FSupp. 1156, 1165 (S.D. Ga. 1974).

justifiably relied upon any purported misrepresentation or omission.[11] Likewise, he has no claim for negligent misrepresentation since Oswell fails to plead facts establishing justifiable reliance upon any alleged misrepresentation of the status of Nixon as an attorney.[12]

Finally, since Oswell's negligent hiring, training, retention, supervision and/or promotion claim and his respondeat superior claim are derivative of his other claims, his derivative claims likewise fail.[13] The trial court did not err in dismissing Oswell's complaint and amended complaint.

2. The defendant attorneys have moved for sanctions against Oswell and his attorney for filing a frivolous appeal.[14] We hereby grant the motion. The trial court found that Oswell's action was substantially frivolous and awarded reasonable attorney fees to the defendant attorneys. In this appeal, Oswell has done nothing to show that his claims have any arguable merit. He has offered a two-paragraph legal argument, but cites no cases supporting any of the causes of action alleged. By persisting in those claims, Oswell and his counsel have wasted the resources of this Court and of the defendant attorneys. Being unable to discern any reasonable ground upon which Oswell and his attorney might have anticipated the reversal of the trial court's judgment, we impose a frivolous appeal penalty in the amount of $1,000, divided equally between Oswell and his counsel.[15] Upon return of the remittitur, the trial court is directed to enter judgment against Oswell and his attorney in such amount.

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED AUGUST 12, 2005 —
RECONSIDERATION DENIED AUGUST 24, 2005.

*John C. Wise*, for appellant.
*Smith, Gambrell & Russell, Edward H. Wasmuth, Jr.*, for appellees.

---

[11] See *Ledee v. Devoe*, 250 Ga. App. 15, 17 (1) (549 SE2d 167) (2001) (elements of the tort of fraud).

[12] See *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*, 267 Ga. 424, 426 (1) (479 SE2d 727) (1997) (elements of the tort of negligent misrepresentation).

[13] See *LDS Social Svcs. Corp. v. Richins*, 191 Ga. App. 695, 698 (2) (382 SE2d 607) (1989).

[14] See Court of Appeals Rule 15 (b).

[15] See *McClain v. George*, 267 Ga. App. 851, 855 (2) (600 SE2d 837) (2004); *English v. Liberty Mtg. Corp.*, 205 Ga. App. 141, 143 (4) (421 SE2d 286) (1992).