A06A2037. BROWN v. COAST DENTAL OF GEORGIA, P.C. et al.
(643 SE2d 740)

RUFFIN, Judge.

Doris Jeanette Brown brought a dental malpractice action against Coast Dental of Georgia, P.C., Coast Dental Services, Inc., and James J. Choi, D.D.S. (collectively, "Coast Dental").[1] The trial court granted a directed verdict to Coast Dental, and Brown appeals. Because we agree with the trial court that Brown's claims are barred by the statute of limitation, we affirm.

We review the grant or denial of a motion for directed verdict under the "any evidence" standard, construing the evidence most favorably to the party opposing the verdict.[2] Accordingly, "a directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict."[3] Viewing the evidence favorably to Brown, the record shows that Brown went to Coast Dental in October 2000 and was seen by Dr. Choi. Dr. Choi

---

[1] This is the second appearance of the case before this court. In *Brown v. Coast Dental of Ga.*, 275 Ga. App. 761 (622 SE2d 34) (2005), we reversed the trial court's grant of summary judgment to Coast Dental on the basis that Brown's claims were barred by the statute of limitation.

[2] See *Conner v. Hart*, 252 Ga. App. 92 (555 SE2d 783) (2001).

[3] (Punctuation omitted.) Id.

suggested the installation of two dental bridges to replace teeth Brown was missing. On December 7, 2000, Dr. Choi prepared Brown's mouth for the bridges by grinding down some of her teeth and installing a temporary bridge. On December 28, 2000, Dr. Choi temporarily cemented one of the permanent bridges into Brown's mouth, and on January 3, 2001, he permanently cemented both bridges. At a subsequent visit on January 25, 2001, Brown complained of pain and sensitivity to heat and cold.

Brown alleges that the sensitivity to heat and cold she now experiences is the result of malpractice by Coast Dental. At trial, Brown was asked if there had ever been a day since the bridges were installed in her mouth that she had not felt this sensitivity. She responded, "[n]o."

Brown's malpractice complaint was filed on January 24, 2003. Medical malpractice cases are subject to a two-year statute of limitation.[4] As we held in an earlier opinion in this matter, "the limitation period begins to run when symptoms of the injury first manifest themselves to the patient."[5] The trial court granted a directed verdict to Coast Dental at the close of Brown's case because her complaint was filed "more than two years from January 3, 2001, the latest date upon which there is undisputed evidence that Brown was experiencing symptoms" of her injury. The trial court also granted a partial directed verdict on Brown's claim for future dental expenses.

1. Brown argues that the trial court erred in granting a directed verdict on statute of limitation grounds because the evidence shows that she experienced sensitivity to heat and cold "at the very earliest on January 25, 2001." Brown dismisses as unclear her testimony that she experienced sensitivity every day since the installation of the bridges because she was not specifically asked if she had experienced sensitivity since January 3, 2001. But it is undisputed that the bridges were permanently installed on January 3, 2001. While she gave evasive answers to questions about when her symptoms began, she admitted experiencing pain and sensitivity from the time the bridges were installed. And logic dictates that when Brown complained at her January 25, 2001 appointment of pain and sensitivity, the pain and sensitivity began some time before the appointment. Given Brown's testimony, the only reasonable conclusion is that Brown's symptoms were manifested before January 25, 2001.[6] Under

---

[4] See OCGA § 9-3-71 (a).

[5] *Brown*, supra at 766 (1).

[6] See *Dildine v. Town & Country Truck Sales*, 259 Ga. App. 732, 734-735 (577 SE2d 882) (2003).

these circumstances, the trial court properly granted a directed verdict on the grounds that Brown's claim was filed outside the statute of limitation.

2. Given our holding in Division 1, we need not address Brown's claim that the trial court erred in granting a partial directed verdict on the issue of damages for future dental expenses.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 15, 2007 —
RECONSIDERATION DENIED MARCH 19, 2007 —

*Stephen J. Wasley*, for appellant.

*Carlock, Copeland, Semler & Stair, Matthew G. McLaughlin, Douglas W. Smith, Robert E. Spears, Jr.*, for appellees.