## A06A2134. GRINOLD v. FARIST.
(643 SE2d 253)

MILLER, Judge.

Ronald Ray Grinold was injured when he fell on property adjacent to property owned by Joe Neil Farist. Grinold had come to the

property to inspect a camper that Farist had advertised for sale and that he had parked on the driveway of his aunt, who owned the adjacent property. Grinold sued Farist, as well as Farist's aunt and a cousin who Grinold claimed also resided on the aunt's property, asserting that they had acted negligently and maintained a hazardous condition that constituted a nuisance. Farist moved for summary judgment, which was granted by the trial court. Grinold appeals, claiming that the trial court erred in granting Farist's motion for summary judgment. We disagree and affirm.

On appeal from a grant or denial of summary judgment, we conduct a de novo review of the law and evidence. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). In applying this standard of review on a motion for summary judgment, this Court views the evidence in the light most favorable to the nonmovant to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. Id. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

So viewed, the evidence showed that on August 21, 2003, Grinold was driving in Cobb County when he saw a sign advertising a camper for sale. Farist had parked the camper on a driveway on property owned by his aunt, who lived next door to him. Grinold parked his car on the driveway and walked to the camper. While he was inspecting the inside of the camper, Grinold was greeted by Farist and his son. After deciding not to purchase the camper, Grinold exited the camper and began walking back to his car. While walking in the grass along the side of the driveway, Grinold slipped and fell.

1. Grinold claims that the trial court erred in granting Farist's motion for summary judgment as to his claim of negligence. We disagree.

"[B]efore any negligence, even if proven, can be actionable, that negligence must be the proximate cause of the injuries sued upon. To establish proximate cause, a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury." *Anderson v. Barrow County*, 256 Ga. App. 160, 163 (2) (568 SE2d 68) (2002).

> The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or

> conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.

(Citation omitted.) *Feazell v. Gregg*, 270 Ga. App. 651, 655 (2) (607 SE2d 253) (2004).

Here, Grinold admitted in his deposition that he did not know what caused his fall, only that it was "something wet." Grinold also admitted that he did not see any substance on the ground, either before or after his fall, and that he never inspected the substance that caused him to fall. In an affidavit filed following his deposition, Grinold claimed that he initially thought he had fallen on fecal matter but later determined that the wet substance was "household discharge from a clothes washer and a kitchen sink" that drained from the aunt's home down a ditch adjacent to her driveway.

While Farist admitted the presence of a drainage ditch next to the driveway, and while Grinold claimed that Farist had told him "[e]very time [his aunt] flushes, this happens," there was no evidence that Grinold fell as a result of stepping in the drainage ditch. In fact, Grinold denied stepping into the ditch and claimed that the area where he fell was "reasonably flat." Grinold also failed to introduce any evidence that the drainage ditch ever overflowed onto the flat area where he slipped and fell.

Grinold's claim, as made in his affidavit, that he slipped on household discharge was stricken by the trial court as being inconsistent with his deposition testimony. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). Even had the trial court permitted Grinold to make such a claim, however, Grinold's speculation as to what caused his fall is not sufficient to sustain his claim of negligence, and the trial court properly granted summary judgment as to that claim. *Christopher v. Donna's Country Store*, 236 Ga. App. 219, 221 (1) (511 SE2d 579) (1999).

2. Grinold also claims that the trial court erred in granting Farist's motion for summary judgment as to his claim of nuisance. We disagree.

"[T]he essential element of nuisance is control over the cause of the harm. The tortfeasor must be either the cause or a concurrent cause of the creation, continuance, or maintenance of the nuisance." (Citations omitted.) *Fielder v. Rice Constr. Co.*, 239 Ga. App. 362, 366 (1) (522 SE2d 13) (1999). Here, the evidence showed that the alleged nuisance was contained on property owned by Grinold's aunt and occupied by his aunt and cousin and that it was composed of household discharge from the aunt's clothes washer and kitchen sink. While such evidence supports the nuisance claim that Grinold brought against Farist's aunt and cousin, the record is devoid of any evidence

that Farist created, continued, or maintained the alleged nuisance or otherwise controlled the release of household discharge on his aunt's property. As a result, the trial court properly granted summary judgment to Farist as to Grinold's nuisance claim.

Judgment affirmed. *Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 21, 2007 —
RECONSIDERATION DENIED MARCH 12, 2007.

*Charles L. Day*, for appellant.
*Hawkins & Parnell, Peter R. York*, for appellee.