## A12A0558. MORRIS et al. v. DENTFIRST, P.C. et al.

(727 SE2d 515)

MIKELL, Presiding Judge.

Kamiria Morris and Leon Morris appeal from the trial court's grant of summary judgment in favor of Dentfirst, P.C., and Michael Billingsley, D.D.S., in a medical malpractice action. For the reasons that follow, we affirm.

"We review de novo a trial court's grant of summary judgment, construing the evidence most favorably to the nonmovant."[1]

So viewed, Kamiria Morris went to Dentfirst complaining of tooth pain on February 9, 2009, and returned on February 10, 2009, when Billingsley extracted her tooth. She returned to Dentfirst at least twice, on February 11 and 23, 2009, and visited an emergency provider on March 8, 2009, each time complaining of pain and swelling. She alleges, and it is undisputed, that on March 10, 2009, she returned to Dentfirst, where Billingsley x-rayed her mouth, found tooth fragments, and surgically removed them.

The Morrises filed their complaint on February 25, 2011, more than two years after the February 10, 2009, date on which Kamiria Morris alleges her pain and suffering began, and more than one year after the tooth fragments were found, on March 10, 2009.

Dentfirst and Billingsley moved for summary judgment, alleging that Morris filed her complaint after the statute of limitation had run. Without holding a hearing, the trial court granted the motion. The Morrises appeal, raising four enumerations of error, all of which fail.

OCGA § 9-3-71 (a) provides that, "[e]xcept as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred."

OCGA § 9-3-72 provides, in pertinent part, that the "limitations of Code Section 9-3-71 shall not apply where a foreign object has been left in a patient's body, but in such a case an action shall be brought within one year after the negligent or wrongful act or omission is discovered."

There is no dispute over whether the Morrises knew or should have known, through the exercise of reasonable care or diligence, the cause of the alleged injury at an earlier date than either February 9, 2009, when they allege the pain began, or March 10, 2009, when the tooth fragments were found.

---

[1] (Footnote omitted.) *Vaughan v. WellStar Health System*, 304 Ga. App. 596, 597 (696 SE2d 506) (2010).

Pretermitting whether tooth fragments constitute a "foreign object" within the meaning of OCGA § 9-3-72,[2] under either that Code section or OCGA § 9-3-71,[3] the complaint was filed out of time. Accordingly, we affirm.

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

DECIDED APRIL 19, 2012.

*Donald Ellis*, for appellants.

*Coles Barton, Matthew S. Coles, Stephanie K. Wood*, for appellees.

---

[2] *Abend v. Klaudt*, 243 Ga. App. 271, 273 (1) (531 SE2d 722) (2000) (one-year statute of limitation begins to run only when plaintiff knew or by the exercise of ordinary care should have learned that foreign object was causing injury).

[3] *Brown v. Coast Dental of Ga.*, 284 Ga. App. 244, 245 (643 SE2d 740) (2007) (limitation period begins to run when symptoms of injury first manifest to patient).