1. As against all persons claiming through or in subordination to the title of a deceased husband, the widow, until assignment of dower, unless her right to the same has been relinquished or barred, is entitled to the possession of his dwelling-house occupied by him at the date of his death.

2. For a wrongful expulsion from such dwelling-house during the continuance of such term, the widow is entitled to recover damages against the person so wrongfully expelling her.

3. The damages recoverable in such a case are the general damages directly resulting from the trespass, and, in addition thereto, such special damages, though to some extent indirect, as were the natural and probable result of the wrongful act.

4. In such a case, any circumstances which show that the trespass was committed wilfully and in bad faith, or was attended with circumstances of humiliation to the person evicted, may be alleged in the declaration, and, upon the trial, given in evidence in aggravation of the damages.

July 8, 1895.

Action for damages. Before Judge LUMPKIN. Fulton superior court. September term, 1894.

To the petition of Margaret E. Stevens against William J. Stevens the defendant demurred generally, and the demurrer was sustained. The petition alleged: In October, 1890, petitioner lawfully married Henry J. Stevens, and they lived together as husband and wife in Fulton county until his death. He died in Fulton county, January 15, 1893, leaving as his heirs petitioner, defendant, and two others, defendant being a son by a former wife. Henry J. Stevens died possessed of valuable realty in Fulton county, among which was the dwelling-house in which he died (describing it), together with personal property, the realty being worth some $15,000, and the personalty $1,000. He was buried on January 16, 1893. On January 17, 1893, petitioner being then in the peaceable and lawfully acquired possession of said dwelling-house, as his widow, and suffering in body and mind because of his sickness, death and burial, defend-

ant, well knowing the premises, came to said house and wrongfully and unlawfully ordered her to vacate the same at once, and proceeded to have all the rooms therein whitewashed, except that occupied by her as a bed-room, and that evening locked up all the rooms in the house except said bed-room. The weather then being intensely cold and inclement, and petitioner becoming so distressed by such treatment, she deemed it prudent and best to stay all of that night with a neighbor. The next day when she went back to her home, she found the doors to the dining-room, cook-room and wood-house all nailed and fastened, and she had to break them open to get fuel to warm and cook with. That evening defendant came there and again wrongfully and unlawfully ordered her to vacate the premises at once, and nailed up the wood-room door. She became so distressed by such treatment that she deemed it prudent and best to stay all that night with another neighbor, which she did. The next morning, shortly after she returned to said dwelling, defendant came there and to the door of the room which she was occupying, and knocked and kicked at the door very hard, and wrongfully and unlawfully ordered her to open the door, and took the lock off the door leading into the dining-room, and again ordered her to vacate the premises, and not to take away a single article of the personal property therefrom belonging to her husband. Notwithstanding that snow still covered the ground several inches deep, that the weather was very cold and inclement, and that she was in poor health and wearied and prostrated by the nursing of her husband, she was then and there, by reason of the aforesaid acts of defendant, forced to vacate the dwelling and seek shelter and protection elsewhere. By reason of said wrongful acts of defendant and by reason of exposure to the inclement weather while leaving and vacating the house for shelter and protection elsewhere,

which the instinct of self-preservation prompted her to undergo rather than to submit longer to such wrongful persecution, she was rendered seriously sick and underwent great pain and suffering, both in mind and body, from thence hitherto. By reason thereof her health was and is seriously and permanently impaired; and she has been injured and damaged by defendant $5,000.

THOMAS & THOMAS, for plaintiff.

THOMAS W. LATHAM, for defendant.

ATKINSON, Justice.

1. To the proposition announced in the first headnote, it is only necessary to cite section 1768 of the code.

2. By virtue of her right as widow of her deceased husband, the plaintiff was in the peaceable and legally acquired possession of the property from which she was evicted by the defendant. A forcible expulsion of her from the premises was an illegal invasion of her private right, which gave her a right of action as against the trespasser.

3, 4. The damages which are to be allowed in cases of this character are, first, any actual damages which may have resulted to the plaintiff because of her expulsion from the premises, including damages to her health, and those referable to pain and suffering, such as was the natural and probable result of the wrongful act of the trespasser. In addition thereto, evidence that the trespass was willful, and all circumstances of aggravation attendant thereon, may be given in evidence, to be weighed by the jury in determining, not alone what would compensate the plaintiff for the injury that she had sustained, but for the purpose of allowing such damages as, in their judgment, would deter the wrongdoer from a repetition of the trespass. See Code, §3066.

According to the principles herein announced, the plaintiff's declaration was sufficient to withstand an assault by a general demurrer.        *Judgment reversed.*