21238, 21333. VAUGHN *et al. v.* GLENN; and *vice versa.*

JENKINS, P. J. 1. "The owner of personalty is entitled to the possession thereof. Any deprivation of such possession is a tort for which an action lies." Civil Code (1910), § 4481. "Any abuse of, or damage done to, the personal property of another, unlawfully, is a trespass for which damages may be recovered." Civil Code (1910), § 4485.

2. If a person, without the consent of the owner or authority of law, remove the personal property of another from the place where the owner left it, and where the owner had the right to leave it, he becomes liable for any damage done it as a consequence thereof. *Tanner* v. *Chapman,* 75 *Ga.* 871. The fact that the person removing such property may be a police officer does not operate to change the rule, if his action in so doing was not authorized by law or some valid municipal ordinance. *Haslett* v. *Rogers,* 107 *Ga.* 239 (33 S. E. 44); *McDougald* v. *Dougherty,* 12 *Ga.* 613, 615; *Wallace* v. *Holly,* 13 *Ga.* 389, 392 (58 Am. D. 518).

3. In the instant case in which the petition alleged that the plaintiff had lawfully parked his automobile on a public street of the City of Atlanta, where it remained for only fifteen minutes, under authority of a city ordinance authorizing such parking at such time and place for one hour, and that one of the defendants, a police officer, acting at the express direction of another defendant, his superior officer, without legal right or authority, removed the automobile of the plaintiff to a storage garage, where, by reason of failure of the officer at headquarters, to whom its storage was reported, to report its impounding, on inquiry by the plaintiff, it was not found by the plaintiff until several weeks later, and then in a damaged condition, a cause of action, good as against general demurrer, was set forth against the defendant actually removing the automobile and against the defendant at whose direction it was removed. See, in this connection, *Williams* v. *Inman,* 1 *Ga. App.* 321 (57 S. E. 1009); *Evans* v. *Cannon,* 34 *Ga. App.* 467 (2), 472 (130 S. E. 76). There was also a cause of action set forth against the officer at

headquarters who failed, on inquiry, to inform the plaintiff of the impounding of the car, at least to the extent of the loss of the use of the car during the period the plaintiff was deprived of its custody. There being no special demurrer, this court is unauthorized to pass upon the question whether or not the officer at headquarters would be liable for the damage inflicted upon the car during that period.

4. The question whether the two officers impounding the car could be joined in the same action with the officer at headquarters who it is alleged failed to report its impounding, either for all or any portion of the damages set forth, likewise can not be determined upon the state of the present record (see, in this connection, *Scearce* v. *Gainesville*, 33 *Ga. App.* 411, 126 S. E. 883), and cit., inasmuch as when the judge of the superior court correctly reversed the trial judge for sustaining the general demurrer, thus adjudicating that a cause of action against some one was set forth by the petition, and the bill of exceptions taken by the defendant in error to the ruling that the petition set forth two distinct causes of action, and requiring the plaintiff to elect as to which cause of action he would proceed on, not being an independent main bill, and the case not being one wherein a cross-bill of exceptions was proper, the cross-bill is dismissed. A cross-bill was improper for the reason that if the judgment should be reversed on the main bill, so as to adjudicate that no cause of action existed against any one, there necessarily could not be a further adjudication on the cross-bill that it could be maintained jointly. *Armstrong* v. *Ballew*, 118 *Ga.* 168 (44 S. E. 996); *Farnsworth* v. *McPherson*, 147 *Ga.* 384, 385 (94 S. E. 220); *Trust Company of Ga.* v. *Mobley*, 40 *Ga. App.* 468 (4), 482 (150 S. E. 169).

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 17, 1931.

*Louis H. Foster, F. E. Harrison,* for Vaughan *et al.*
*Houston White, E. M. Pearce Jr., John J. Poole,* contra.