64541. SCOTT v. LEDER.

SHULMAN, Presiding Judge.

In May 1980, appellee Leder sold a frame machine to appellant Scott and the parties executed a security agreement. It is undisputed that Scott later sold the machine to Carlos Sanders. Sanders and Leder picked up the frame machine from Scott's business establishment, where Mrs. Scott accepted Sanders' check for $700 and a release from further liability on the original purchase agreement from Leder. Scott subsequently filed suit against Leder

for conversion of the machine, trespass and usury. It is the trial court's grant of summary judgment to appellee from which Scott now appeals.

1. "Conversion is the unauthorized assumption and exercise of the right of ownership over personal property belonging to another which is contrary to the owner's rights. [Cit.]" *Shaw v. Wheat St. Baptist Church,* 141 Ga. App. 883, 884 (234 SE2d 711). All the affidavits which address the issue agree that, at the time Leder exercised control over the frame machine, it was at the behest of the new owner, Sanders, who had just paid Mrs. Scott for the machine. Since no conversion occurred, the trial court was correct in granting summary judgment to appellee on that issue.

2. When appellant alleged that personal property was taken without the consent of the owner, he stated a cause of action for trespass. Code Ann. § 105-1703. However, even appellant, in his affidavit, avers that he sold the machine to Sanders and, as was stated in Division 1, appellee did not aid in the machine's removal until Mrs. Scott had accepted Sanders' check and appellee's release. Thus, appellee's actions were with the consent of the owner, Sanders, and summary judgment on appellant's allegation of trespass was proper. Compare *Lowery v. McTier,* 99 Ga. App. 423 (1) (108 SE2d 771); *Vaughn v. Glenn,* 44 Ga. App. 426 (2) (161 SE 672).

3. A reading of appellant's contract with appellee and Code Ann. § 57-101 (Ga. L. 1979, pp. 355-356) convinces us that summary judgment was also appropriate on appellant's usury charge. The purchase agreement established an interest rate of 8% per annum, well below the 10-1/2% per annum ceiling imposed by Code Ann. § 57-101.

4. Citing Code Ann. § 6-805 (f) and (h), appellant also contends that the trial court erred in denying appellant's motion to allow additional record to be transferred to this court. After holding a hearing on the issue, the trial court found "as a matter of fact that the additional record offered was additional evidence not in the record at trial" and, accordingly, denied appellant's request. Based on the trial court's factual finding, we affirm. See *Huckaby v. State,* 128 Ga. App. 79 (195 SE2d 688).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

Decided November 8, 1982.

*E. Graydon Shuford, James D. Hollingsworth,* for appellant. *John P. Morell,* for appellee.