72915. MARYLAND CASUALTY INSURANCE COMPANY
v. WELCHEL.
(351 SE2d 645)

CARLEY, Judge.
Acting in response to instructions received by radio, a driver employed by appellee-defendant undertook to tow a truck to Coursey's Automatic Transmissions (Coursey's) from a location at the intersection of two specified roads. Later that evening, appellee became aware that his employee had mistakenly towed the wrong truck. The truck that appellee had been asked to tow to Coursey's was actually located at a different intersection of the same two roads. Having discovered the mistake, appellee decided to allow the truck to remain at Coursey's overnight and to notify the owner the next morning as to where the truck could be picked up. The next morning, however, the truck was reported as having been stolen from Coursey's premises.

The owner of the stolen truck then filed an insurance claim under the policy that he had been issued by appellant-plaintiff insurer. Appellant paid the owner an amount representing the value of the stolen truck and the owner, in turn, executed a loan receipt for those funds. Accordingly, appellant became subrogated to the owner's right of recovery against the party responsible for the loss. However, notwithstanding appellant's status as his subrogee, the owner of the truck brought his own independent suit against appellee. A settlement was reached in that suit whereby a consent judgment was entered against appellee and a general release was executed by the owner.

Appellant subsequently brought the instant suit against appellee and others who are not parties to this appeal. Damages were sought for appellee's alleged conversion of the truck and for his alleged tortious interference with appellant's rights under the loan receipt. The case came on for a trial before a jury. At the close of the evidence, the trial court directed a verdict in appellee's favor as to both counts. It is from this order of the trial court that appellant brings this appeal.

1. The grant of appellee's motion for a directed verdict on the conversion claim is enumerated as error. "Conversion consists of ' "an

unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." [Cit.]' [Cit.] ' "Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use, if he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it. It is in law a conversion whether it be for his own or any other's use. . . ." ' [Cit.]" *Mitzner v. Hyman*, 175 Ga. App. 311, 312 (1) (333 SE2d 182) (1985). See also *Scott v. Leder*, 164 Ga. App. 334, 335 (1) (297 SE2d 103) (1982).

In the instant case, there is no evidence that appellee assumed and exercised any right of ownership over the truck and thereby converted it to his own use or to the use of another. Compare *Mitzner v. Hyman*, supra; *Lovinger v. Hix Green Buick*, 110 Ga. App. 698 (140 SE2d 83) (1964). Although the keys were in the truck, the truck was never "used" by appellee nor was it delivered for any "use" by another. The evidence showed only that appellee merely caused the truck to be towed to and left at a repair shop, in the mistaken belief that he had the owner's permission to do so. That the ownership of the truck was in someone other than himself or Coursey's was at all times recognized and honored by appellee. Merely changing the location of property acknowledged to belong to another is a trespass, not a conversion. See *Tanner v. Chapman*, 75 Ga. 871 (1885); *Vaughn v. Glenn*, 44 Ga. App. 426 (161 SE 672) (1931); *Scott v. Leder*, supra.

It is true that one who commits a trespass is liable for the damages caused thereby. *Tanner v. Chapman*, supra at 871; *Stevens v. Stevens*, 96 Ga. 374, 376 (3) (23 SE 312) (1895); *Vaughn v. Glenn*, supra. However, "[i]f the damage incurred by the plaintiff is only the imaginary or possible result of a tortious act or if other and contingent circumstances preponderate in causing the injury, such damage is too remote to be the basis of recovery against the wrongdoer." OCGA § 51-12-8. Only where one acts knowingly for the purpose of bringing about injury may there be a recovery of damages which would otherwise be remote. OCGA § 51-12-10; *Hodge v. Dixon*, 119 Ga. App. 397 (167 SE2d 377) (1969). In the instant case, the undisputed evidence shows that appellee acted mistakenly, but in the utmost good faith. The trial court correctly held that, under that evidence, the theft was an unforeseeable result of simply moving and leaving the truck at Coursey's and, thus, the criminal act was an intervening cause which insulated appellee from liability for its loss. See generally *Rosinek v. Cox Enterprises*, 166 Ga. App. 699 (305 SE2d 393) (1983); *Milton Bradley Co. v. Cooper*, 79 Ga. App. 302 (53 SE2d 761) (1949); *Spires v. Goldberg*, 26 Ga. App. 530 (106 SE 585) (1921).

Ordinarily, questions of proximate cause are for the jury. In the case at bar, however, the trial court did not err in determining that, under the evidence, a jury could not reasonably conclude that appellee's act of merely moving and leaving the truck was a proximate cause of the ultimate total loss of the vehicle. See *Crankshaw v. Piedmont Driving Club*, 115 Ga. App. 820 (156 SE2d 208) (1967).

2. The trial court also directed a verdict in appellee's favor on the count which alleged that he had tortiously interfered with appellant's subrogation rights by inducing the owner to breach the loan receipt agreement. The trial court's ruling in this regard was based on the proposition that, there being no causal connection between appellee's wrongful act and the ultimate loss of the truck, there existed no liability to impose against appellee and thus no subrogation "rights" with which appellee could have interfered. However, the "rights" at issue as to this count are those that were *subsequently* acquired by appellant as the owner's subrogee. Accordingly, appellee's liability for a tortious interference with those subsequently acquired rights is not necessarily dependent upon his liability vel non for the *initial* loss of the truck. See generally *Unigard Ins. Co. v. Zimmerman's, Inc.*, 151 Ga. App. 394 (259 SE2d 652) (1979), aff'd 245 Ga. 475 (265 SE2d 774) (1980).

As to this count, appellant sued for a wrongful violation of *its own* subrogation rights, not as the subrogee of *the owner's* rights. "If [appellee] here can be proved to be [a wrongdoer as to those subrogation rights, he] cannot hide behind the fact that [appellant] may have some other remedy" against those who are legally responsible for the loss of the truck. *Zimmerman's, Inc. v. Unigard Ins. Co.*, 245 Ga. supra at 476. The evidence did not demand a finding that, when appellee procured the owner's release and consent judgment against himself, he had done so either with or without knowledge of appellant's existing subrogation rights. Accordingly, the trial court correctly denied appellant's motion for a directed verdict but erroneously granted appellee's motion for a directed verdict as to the tortious interference claim.

3. Since the trial court erred in granting a directed verdict as to the tortious interference count, remaining enumerations which address matters likely to reoccur at the retrial of this count must be considered. In this regard, appellant enumerates as error the trial court's denial of a motion in limine to exclude evidence regarding the defense of laches.

The affirmative defense of laches was not raised in appellee's pleadings and it was, therefore, waived by appellee. OCGA § 9-11-8 (c); *Gauker v. Eubanks*, 230 Ga. 893, 899 (4) (199 SE2d 771) (1973). Although the trial court stated that appellant's motion was going to be "denied," the substance of its ruling was that the evidence could

*not* be presented to the jury. This ruling was equivalent to *granting* the motion. See generally *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285 (1) (260 SE2d 20) (1979). Accordingly, there was no reversible error.

4. During the course of the trial, appellee proffered certain evidence as being relevant to his estoppel defense and the evidence was admitted by the trial court on that basis. On appeal, appellant asserts that estoppel, like laches, is an affirmative defense which must be pled and, having failed to plead estoppel, appellee had waived the defense. OCGA § 9-11-8 (c); *Dromedary, Inc. v. Restaurant Equip. Mfg. Co.*, 153 Ga. App. 103 (264 SE2d 571) (1980).

However, the only objection to this evidence raised by appellant was untimely. "In order to raise on appeal contentions concerning admissibility of evidence 'the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver. . . .' [Cits.]" *Sutphin v. McDaniel*, 157 Ga. App. 732 (1) (278 SE2d 490) (1981). Accordingly, this enumeration of error presents nothing for review.

5. Appellant asserts that the trial court also erred in connection with its consideration of an admission by appellee. We note at the outset that appellant incorrectly states that the admission appears in the consolidated pre-trial order. The admission was contained in the *proposed* pre-trial order that was filed by appellee's attorney. The subject of this earlier admission was in fact listed in the subsequent pre-trial order as a disputed fact. Compare *Goolsby v. Allstate Ins. Co.*, 130 Ga. App. 881, 882 (1) (204 SE2d 789) (1974).

Assuming that the admission may have been admissible against appellee for what it was worth, (see *W. T. Harvey Lumber Co. v. J. M. Wells &c. Co.*, 104 Ga. App. 498 (2) (122 SE2d 143) (1961); OCGA § 24-3-33), appellant nevertheless failed to introduce it into evidence, even when offered the opportunity to do so by the trial court. Appellant relies on OCGA § 24-3-30 for the proposition that the admission was binding on appellee without being offered into evidence. However, that section deals with admissions made in pleadings and is inapplicable here. Accordingly, the admission was not erroneously refused consideration by the trial court.

6. For the reasons discussed in Division 1, the judgment in favor of appellee as to the conversion count is affirmed. For the reasons discussed in Division 2, the judgment in favor of appellee as to the tortious interference count is reversed and a new trial must be had.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 6, 1986 —
REHEARING DENIED DECEMBER 9, 1986 — 

*Timothy J. Sweeney, Perry A. Phillips,* for appellant.
*Thomas J. Browning, Hylton Dupree, Jr.,* for appellee.