A11A0273, A11A0274. WHITESIDE v. DECKER, HALLMAN, BARBER & BRIGGS, P.C. et al.; and vice versa.

(712 SE2d 87)

ANDREWS, Judge.

Fife M. Whiteside, as Trustee in Bankruptcy for the Chapter 7 bankruptcy estate of Zeferino Lucio-Anaya, sued Lucio-Anaya's former attorneys, Decker, Hallman, Barber & Briggs, P.C. and W. Winston Briggs, individually, (collectively, Decker Hallman) claiming that Decker Hallman is liable for damages resulting from a judgment in excess of insurance coverage rendered against Lucio-Anaya in an automobile accident case. The Trustee claimed that Decker Hallman, which was hired by the liability insurer to represent Lucio-Anaya in the accident case, breached fiduciary duties owed to Lucio-Anaya by failing to inform him that he had a potential claim against the insurer for bad-faith or negligent failure to settle, and that this was a proximate cause of the excess judgment. Because we find that any alleged breach of fiduciary duty was not a proximate cause of the claimed damages, we affirm the trial court's grant of summary judgment in favor of Decker Hallman in Case No. A11A0273. Decker Hallman's cross-claim in Case No. A11A0274 is dismissed as moot.

1. In July 2000 Lucio-Anaya caused a fatal automobile accident by driving a car across the center line and colliding with another vehicle. The collision killed one occupant of the other vehicle, injured another occupant, and caused Bicente Moreno, a passenger in the car with Lucio-Anaya, to suffer severe coma-inducing head injuries requiring appointment of a guardian to manage his affairs. The car Lucio-Anaya was driving, but did not own, was insured by a liability

---

insurance policy issued to a third person by Atlanta Casualty Company, now known as Infinity Casualty Insurance Company (ICIC), which provided limits for bodily injury of $15,000 per claim and $30,000 per occurrence. Despite questions over whether the policy provided coverage, ICIC elected to defend the claims arising from the accident and settled claims made by the victims in the other vehicle for the policy limits. After ICIC allegedly missed pre-suit opportunities to settle with Moreno's appointed guardian for the $15,000 policy limit (see *Anaya v. Coello*, 279 Ga. App. 578 (632 SE2d 425) (2006)), Moreno (by his guardian) sued Lucio-Anaya on the accident claim on June 12, 2002. On June 27, 2002, an attorney hired by the guardian sent a letter to ICIC which referred to ICIC's failure to timely respond to pre-suit offers to settle for the $15,000 policy limit and demanded $2,000,000 to settle the suit. On July 12, 2002, ICIC hired Decker Hallman to represent Lucio-Anaya in defense of the suit. After ICIC rejected the $2,000,000 settlement demand and a later $10,000,000 demand, the case was eventually tried, and a jury returned a verdict for Moreno in June 2005 for $8,000,000 plus interest which was made the judgment of the court.

At the request of Moreno's guardian, Lucio-Anaya was placed into involuntary Chapter 7 bankruptcy in September 2006, and Whiteside was appointed Trustee in the bankruptcy case. In April 2007 the Trustee sued ICIC claiming it was liable for the judgment against Lucio-Anaya in excess of the ICIC policy limits because of bad-faith or negligent failure to settle for policy limits. ICIC settled this suit for payment of $8,000,000 to Lucio-Anaya's bankruptcy estate. After deduction of attorney fees, about $4,500,000 of the settlement was paid to the estate's creditor, Moreno, in partial satisfaction of Moreno's judgment against Lucio-Anaya. The Trustee then filed the present suit against Decker Hallman seeking to recover the difference between the amount paid to Moreno and the value of Moreno's $8,000,000 judgment with interest, plus attorney fees, costs, and punitive damages.

The Trustee's theory of recovery was that, while representing Lucio-Anaya in Moreno's accident claim, Decker Hallman breached fiduciary duties owed to Lucio-Anaya, and that these breaches were a proximate cause of the judgment rendered against Lucio-Anaya in excess of the ICIC policy limits. The Trustee alleged that Decker Hallman breached fiduciary duties by failing to inform Lucio-Anaya that he had a potential bad-faith claim against ICIC for its failure to accept the pre-suit offers by Moreno's guardian to settle the case for the $15,000 policy limits. The Trustee also complained that Decker Hallman, while representing Lucio-Anaya, took the position that Moreno was bound by a prior agreement with ICIC to settle the case for the $15,000 policy limit; advised ICIC that it was not at risk for

a bad-faith claim; and took action prior to trial attempting to enforce the alleged settlement and to advance these positions for the benefit of ICIC. The record shows that these efforts by Decker Hallman were unsuccessful, and that the case was tried to an $8,000,000 judgment entered in favor of Moreno. After the judgment was affirmed on appeal, Decker Hallman informed Lucio-Anaya that he had a bad-faith claim against ICIC. When Lucio-Anaya was subsequently placed into involuntary bankruptcy at Moreno's request, the Trustee settled the bad-faith claim against ICIC for $8,000,000 and used the settlement proceeds to partially pay the debt owed on Moreno's $8,000,000 judgment plus accumulating interest. The Trustee contends that, if Decker Hallman had properly advised Lucio-Anaya prior to trial about his potential bad-faith claim, he could have hired an independent attorney to represent him on the potential claim, and this attorney could have taken pre-trial action to protect him from the excess judgment. According to the Trustee, the attorney could have convinced ICIC: (1) that given the serious injury to Moreno, there was a likelihood of a multi-million-dollar judgment in excess of the policy limits and a bad-faith claim against it for failure to accept Moreno's initial $15,000 settlement offers, and (2) that, given this risk, it should accept Moreno's pre-trial offer to settle the case for $2,000,000 or some other amount in excess of the policy limits. In sum, the Trustee claims that Decker Hallman is liable to Lucio-Anaya's bankruptcy estate for the unpaid portion of Moreno's judgment because the alleged breach of fiduciary duties caused Lucio-Anaya to incur the $8,000,000 judgment with interest, which resulted in the involuntary bankruptcy and the subsequent settlement of the bad-faith claim against ICIC for an amount that was inadequate to pay the full amount owed to Moreno on the judgment.

In granting summary judgment in favor of Decker Hallman, the trial court concluded that, assuming (without deciding) that Decker Hallman violated fiduciary duties owed to Lucio-Anaya, the Trustee's claim that these violations were a proximate cause of the excess judgment and resulting damages was pure speculation. Accordingly, the trial court found as a matter of law that there was an absence of evidence in the record sufficient to show that the alleged violation of fiduciary duties was a proximate cause of the damages sought. We agree. An essential element of a claim for damage caused by breach of a fiduciary duty is that the damage was proximately caused by the breach. *Graivier v. Dreger & McClelland*, 280 Ga. App. 74, 81 (633 SE2d 406) (2006).

> To establish proximate cause, a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury. The plaintiff must introduce

evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.

*Grinold v. Farist*, 284 Ga. App. 120, 121-122 (643 SE2d 253) (2007) (citations and punctuation omitted). Although the nonmoving party on a motion for summary judgment "is entitled to the benefit of all reasonable inferences to be drawn from the evidence, such inferences cannot be based on mere conjecture or possibility or upon evidence which is too uncertain or speculative." *Hoffman v. AC&S, Inc.*, 248 Ga. App. 608, 610 (548 SE2d 379) (2001) (citation and punctuation omitted).

Only by speculation or conjecture could a trier of fact conclude that, if Decker Hallman had informed Lucio-Anaya prior to trial that he had a potential bad-faith claim against ICIC in the event of a judgment in excess of policy limits, Lucio-Anaya would have hired an independent attorney, who would have prevented the excess judgment by persuading ICIC to settle the case for the $2,000,000 demanded by Moreno before Decker Hallman was hired. To buttress this claim, the Trustee produced an affidavit from an insurance expert (the former Georgia Commissioner of Insurance) who stated that, in his opinion, if Decker Hallman had advised Lucio-Anaya that he had a potential bad-faith claim, refrained from advising ICIC to the contrary, and withdrawn from representing ICIC and Lucio-Anaya due to a conflict of interest, then Lucio-Anaya would have had the opportunity to obtain an independent attorney to inform ICIC about the potential bad-faith claim, and more likely than not ICIC would have recognized the potential for a bad-faith claim on an excess judgment of over $10,000,000 and settled Moreno's suit for an amount in excess of the policy limits. The trial court did not err by disregarding the expert opinion as wholly speculative that Decker Hallman's alleged breach of fiduciary duty caused the excess verdict and resulting damages. An expert opinion that is wholly speculative or conjectural is without foundation, has no probative value, and creates no factual issue. *Bankers Health & Life Ins. Co. v. Fryhofer*, 114 Ga. App. 107, 111 (150 SE2d 365) (1966). "Speculation and conjecture by an expert is still speculation and conjecture, and will not support a verdict." Id. Moreover, it is undisputed that, after the excess judgment, Lucio-Anaya successfully asserted and settled his bad-faith claim against ICIC for less than the amount owed on the

judgment. Although the Trustee claims that Decker Hallman caused the excess judgment and the interest that accumulated on the judgment during appeal, the Trustee does not claim that Decker Hallman's alleged breach of fiduciary duty impaired the bad-faith claim, and only by speculation could a trier of fact find that the alleged breach caused the bad-faith claim to settle for an amount that only partially paid the judgment.

2. The trial court did not err by granting summary judgment to Decker Hallman on claims for general or nominal damages, punitive damages, and attorney fees. In the absence of specific proof of the amount of damages flowing from a tortious act, general or nominal damages may be inferred, but the defendant's liability for the damages must be established, including proof that the tortious act was the proximate cause of some actual loss. *Miller & Meier & Assoc. v. Diedrich*, 174 Ga. App. 249, 254, 257 (329 SE2d 918) (1985), rev'd in part on other grounds, 254 Ga. 734 (334 SE2d 308) (1985). Because only speculation and conjecture supported the Trustee's claims that Decker Hallman's alleged breach of fiduciary duties damaged Lucio-Anaya, there was an absence of evidence to establish proximate cause. Without proof of compensatory damages proximately caused by Decker Hallman, there was no basis for ancillary claims for punitive damages and attorney fees. *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 269 (416 SE2d 274) (1992); *Fine v. Communication Trends*, 305 Ga. App. 298, 305 (699 SE2d 623) (2010).

3. Finally, we conclude that the Trustee was not entitled to jury consideration of "remote damages" under OCGA § 51-12-10, which provides that: "When a tort is committed, a contract is broken, or a duty is omitted with knowledge and for the purpose of depriving the plaintiff of certain contemplated benefits, the remote damages occasioned thereby become a proper subject for the consideration of the jury." The Trustee's claim is that Decker Hallman's violation of fiduciary duties owed to Lucio-Anaya caused the excess judgment and the amount still owed on the judgment. Even assuming Decker Hallman knowingly violated fiduciary duties, as alleged, there is no evidence that any violation was for the purpose of imposing an excess verdict on Lucio-Anaya. *Maryland Cas. Ins. Co. v. Welchel*, 181 Ga. App. 224, 225 (351 SE2d 645) (1986), rev'd in part on other grounds, 257 Ga. 259 (356 SE2d 877) (1987). To the contrary, the evidence shows that Decker Hallman attempted to obtain a court order to enforce settlement of the case within policy limits and to show the absence of a bad-faith claim against ICIC. These were unsuccessful attempts to avoid an excess judgment by either obtaining a court-ordered end to the litigation, or by convincing Moreno to settle within policy limits because there was no possibility that ICIC would

be liable for any excess judgment. Accordingly, the trial court correctly granted summary judgment in favor of Decker Hallman.

4. Based on our ruling in Case No. A11A0273, as set forth above, Decker Hallman's cross-appeal in Case No. A11A0274 is dismissed as moot.

*Judgment affirmed in Case No. A11A0273. Cross-appeal dismissed in Case No. A11A0274. Phipps, P. J., and McFadden, J., concur.*

DECIDED JUNE 15, 2011 — 

*Beltran & Chandler, Frank J. Beltran, Douglas V. Chandler, Charles A. Gower, Teresa T. Abell, B. T. Edmonds, Jr.,* for appellant.
*Hawkins, Parnell, Thackston & Young, H. Lane Young II, M. Elizabeth O'Neill,* for appellees.